**Darzel ROBINSON Individually and on behalf of a class of borrowers similarly situated**

v.

**FOUNTAINHEAD TITLE GROUP CORP., et al.**

**Civil No. WMN–03–3106.**

United States District Court, D. Maryland.

April 21, 2009.

Group Corporation and Mid–States Title Insurance Agency, Inc.

### *MEMORANDUM*

WILLIAM M. NICKERSON, Senior District Judge.

In its March 3, 2009, Memorandum and Order, Paper No. 128, this Court granted a Motion for Reconsideration and For Leave to File Fifth Amended Complaint filed by Plaintiff Darzel Robinson on behalf of herself and all class members.[1] Paper No. 111. In that motion for reconsideration, Plaintiff also asked this Court to grant her Motion for Class Certification, Paper No. 87, with respect to the counts brought pursuant to the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1962(a), (c), and (d).[2] Because neither party gave this matter much attention in the pleadings, the Court declined to rule on that portion of the motion and instead, allowed for further briefing directed at that narrow issue. It is this issue that is now pending before the Court. The motion is now fully briefed and ripe for decision. Upon review of the pleadings and applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that Plaintiff's motion will be granted.

 Certification of a class action is governed by Rule 23 of the Federal Rules of Civil Procedure. In order to be certified, a class must satisfy all of the provisions of Rule 23(a)[3] and at least one of the provisions of Rule 23(b).[4] The proponent of certifica-

Richard S. Gordon, Cory L. Zajdel, Quinn Gordon and Wolf Chtd., Towson, MD, Nevett Steele, Jr., Phillip R. Robinson, Civil Justice Inc., Baltimore, MD, for Darzel Robinson.

James Edward Dickerman, Alvin I. Frederick, Eccleston and Wolf PC, Hanover, MD, Jay N. Varon, Foley and Lardner LLP, Washington, DC, for Fountainhead Title

1. The details of Plaintiffs' allegations have been outlined in prior opinions of this Court and will not be repeated here. *See* Paper Nos. 51 & 107.

2. In its March 26, 2008, Memorandum and Order, this Court granted Plaintiff's Motion for Certification of the Class only as to claims asserted under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.*, and did not entertain certification of the related RICO counts because this Court dismissed Plaintiff's individual RICO claims.

3. Rule 23(a) provides: "One or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or de-

fenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a).

4. For a class action to be maintained, one of the following conditions of Rule 23(b) must be satisfied:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other

tion carries the burden of showing that the requirements of Rule 23 have been satisfied. *Windham v. Am. Brands, Inc.*, 565 F.2d 59, 64 (4th Cir.1977). In determining class certification, the Court will avoid an evaluation of the merits of the underlying action, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), however, the Court may consider discovery directed to the certification issue. *Int'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1267 (4th Cir.1981). The Court has discretion in determining whether to certify a class and such a determination will be reviewed only for an abuse of discretion. *Boley v. Brown*, 10 F.3d 218, 223 (4th Cir.1993).

Before addressing Defendants' specific arguments, the Court must note that the majority of the liability questions with regard to Plaintiff's RICO claims do not require inquiry into any individual transactions or file and are identical regardless of which class member would be presenting his or her RICO claim. For example, whether Defendant Assurance Title, LLC was an enterprise or whether the Defendants were part of an association-in-fact enterprise and whether Defendants operated their scheme continuously over an extended period of time are questions common to Plaintiff and all class members. The alleged scheme to defraud, if proven, operated in the same manner with regard to all customers and thus, liability for operating the scheme will flow from class-wide common proof.

▮ Despite these common issues of liability, Defendants assert that certification in

this case is not proper because Plaintiff and the class members will not be able to prove proximate cause without resorting to individualized proof of reliance. As the Court noted in its March 3rd, 2009, Memorandum, the crux of a RICO claim based on mail fraud is the fraudulent scheme itself. Additionally, in order to prevail under a RICO claim, a plaintiff must establish that "the defendant's violation not only was the 'but for' cause of his injury, but was the proximate cause as well." *Bridge v. Phoenix Bond & Indem. Co.*, —— U.S. ——, ——, 128 S.Ct. 2131, 2141, 170 L.Ed.2d 1012 (2008). Therefore, to recover under RICO in this case, Plaintiff and the class members would have to prove that Defendants' alleged scheme proximately caused their injuries. Plaintiff alleges such causation through first-party reliance,[5] stating

> if Plaintiff and the class members had then [at the time they purchased services from Defendants] suspected that Assurance Title was a bogus entity (a RICO enterprise) and merely being used to facilitate and launder the payment of illegal referral fees and kickbacks, at their expense, they would have refused to conduct business with Assurance Title, would not have paid the fees and would have sought to secure their rights under the law at that time.

Compl. at ¶ 87. It is proof of this reliance, Defendants allege, that will require individual inquiries.

Many courts, however, faced with similar reliance arguments have certified RICO claims for class action treatment, finding that common issues predominate over individualized ones. *See, e.g., Carnegie v. Household*

members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members

of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b).

**5.** Defendants also discuss third-party reliance in their opposition to class certification. This Court, however, does not read Plaintiff's Complaint as alleging that any third-party reliance on Defendants' alleged scheme caused her injury.

*Int'l, Inc.*, 376 F.3d 656 (7th Cir.2004) (certifying class of consumers under RICO); *Chisolm v. TranSouth Financial Corp.*, 184 F.R.D. 556, 562–63 (E.D.Va.1999) (certifying class action alleging violations of RICO), *certification upheld*, 194 F.R.D. 538 (E.D.Va. 2000). The courts in these cases tend to find that "while each plaintiff must prove reliance, he or she may do so through common evidence (that is, through legitimate inferences based on the nature of the alleged misrepresentations at issue)." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1259 (11th Cir.2004). For example, in *Klay*, the plaintiffs alleged that a number of health maintenance organizations had conspired in a scheme to cheat doctors by underpaying billed reimbursements. *Id.* The *Klay* court found that the plaintiffs could show class-wide reliance circumstantially stating "[i]t does not strain credulity to conclude that each plaintiff, in entering into contracts with the defendants, relied upon the defendants' representations and assumed they would be paid the amount they were due."

In this case, after *Bridge*, Plaintiff need only show reliance on the scheme, not necessarily on any particular fraudulent mailing or misrepresentation. This Court has already found that the Complaint adequately alleges that Defendants, as a result of the scheme alleged in this case, overcharged Plaintiffs. *Robinson v. Fountainhead Title Group Corp.*, 447 F.Supp.2d 478, 488 (D.Md.2006) (Paper No. 51 at 17). Accordingly, like *Klay*, it would be a reasonable inference to assume that a class member who purchased services from Assurance Title relied on the legitimacy of that organization in paying the rate charged.

Defendants also argue that class certification of the RICO claims should be precluded because of the need for individualized damages determinations. As noted by the Fourth Circuit in *Gunnells v. Healthplan Services, Inc.*, however, "[c]ourts have routinely rejected this argument, concluding, as we have in previous cases, that the need for individualized proof of damages alone will *not* defeat class certification." 348 F.3d 417, 429 (4th Cir.2003), *cert. denied*, 542 U.S. 915, 124

S.Ct. 2837, 159 L.Ed.2d 287 (2004) (emphasis in original) (internal citations omitted).

In fact, one of the primary purposes and benefits of the class action device is that it permits a court to proceed with respect to common liability issues, even where individual damages determinations may be necessary. On this point, the *Gunnells* court noted:

"[The defendant's] principal argument, which it sounds again and again, is that the probable necessity of individual proof of some of the claimed damages by individual class members prevents Plaintiffs from meeting Rule 23's requirements. [ ]But Rule 23 contains no suggestion that the necessity for individual damage determinations destroys commonality, typicality, or predominance, or otherwise forecloses class certification. In fact, Rule 23 explicitly envisions class actions with such individualized damages determinations.... Indeed, in actions for money damages under Rule 23(b)(3), courts usually require individual proof of the amount of damages each member incurred. When such individualized inquiries are necessary, if common questions predominate over individual questions as to liability, courts generally find the predominance standard of Rule 23(b)(3) to be satisfied."

*Id.* at 427–28.

Finally, although it is too early to rule on issues related to calculating damages, it must be noted that the damages calculations in this case do not seem to be particularly complex. For example, if Plaintiff and the class members prove an overcharge, as they have alleged, the damages calculation will be a straightforward mathematical calculation based on the difference between the rate class members were charged and the rate they should have been charged.

Because the Court finds Plaintiff has met her burden in establishing the requirements of Rule 23, her RICO claims will be certified for class treatment. A separate order will issue.

### ORDER

In accordance with the foregoing Memorandum and for the reasons stated therein, IT IS this 21st day of April, 2009, by the United States District Court for the District of Maryland, hereby ORDERED:

1. That Plaintiff's Motion for Class Certification as to the RICO claims, Paper No. 87, is GRANTED; and

2. That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.